**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JORGE GAMBOA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00282-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| GOLDMAN SACHS & CO.; and U.S. BANK, ) | |
| N.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action arises out of the foreclosure proceedings instituted against the property of *pro se* Plaintiff Jorge Gamboa. (Compl., Ex. A to Notice of Rem., ECF No. 1-1.) Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendants Goldman Sachs & Co. ("Goldman") and U.S. Bank, N.A. ("U.S. Bank") (collectively, "Defendants"). Plaintiff filed a Response (ECF No. 11) and Defendants filed a Reply (ECF No. 12).

**I.      BACKGROUND**

Plaintiff initiated this action in state court in January 2013, and Defendant removed the action to this Court on February 21, 2013. (Notice of Removal, ECF No. 1.)  In his Complaint, Plaintiff alleges that his property had been sold at a foreclosure sale on December 21, 2012, and that "[j]urisdiction arises under Nevada and Federal statutes for intentional misrepresentation and negligent misrepresentation." (Compl., 1:¶3.)

Plaintiff includes an Affidavit in which he alleges that the Deed of Trust "was pooled and securitized," that he had previously requested "payment assistance from servicer Countrywide Home Loans," but was "disqualified," and that "[t]he Assignment of mortgage was never

properly executed as required by Trust regulations." (Compl., 2:¶¶2–4.)  He alleges that he "had a justified reliance on truthfulness of ownership and proper assignments which was misrepresented by defendant's account of ownership beneficiary through endorsements, assignments, Notice of Default and Notice of Trustee sale." (Compl., 2:¶5.)  Finally, he alleges that "[b]eneficiary has no ability to modify or honor or execute note as ownership interest was in fact forfeited with transfer and sale of certificates with verifiable proof of satisfaction prior to sale." (Compl., 2:¶5.)

Plaintiff alleges that he "suffered deformation [sic] of character, stress, and poor health, loss of business and employment opportunity as well as depletion of retirement portfolio as result [sic] of wrongful execution of said mortgage." (Compl., 2:¶6.)  In his prayer for relief, Plaintiff requests "recovery of foreclosed said real property and reconveyance of said real property free of levy and lien, along with equitable relief in the amount of $450,000.00 plus incurred legal fees." (Compl., 3:¶5.)

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on

a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. **DISCUSSION**

Plaintiff appears to allege causes of action for intentional and negligent misrepresentation. To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump

multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

Here, Plaintiff has failed to allege misrepresentation with the required particularity, and does not differentiate between his allegations against Defendant U.S. Bank, and against Defendant Goldman. Thus, the Court cannot find that Plaintiff's Complaint gives Defendants fair notice of a legally cognizable claim and the grounds on which it rests, even taking all material allegations as true and construing them in the light most favorable to Plaintiff. Accordingly, the Court will grant Defendants' Motion to Dismiss (ECF No. 6).

The Court will give Plaintiff leave to amend his Complaint, if he is inclined to cure these deficiencies, because the Court does not find any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment," or any other ground to deny leave to amend.

If Plaintiff wishes to cure these deficiencies, and in addition to the legal requirements articulated by the Court above, Plaintiff must include specific allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. Plaintiff must also include sufficient factual allegations to support a finding that violations on the part of Defendants are plausible, and to allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED without prejudice**. Plaintiff is given leave to file an Amended Complaint curing the deficiencies identified in this Order by **Monday, September 30, 2013**. Plaintiff's failure to file an Amended Complaint by

1  **Monday, September 30, 2013**, will result in **DISMISSAL** of the action **with prejudice**.

2  **DATED** this 6th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge